UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHENDA Y. o/b/o S.N.,

                                                                                                                 DECISION AND ORDER

                      Plaintiff,

                                                                                           21-CV-6503DGL

                    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                    Defendant.
_____

Plaintiff, on behalf of her minor daughter, S.N. ("claimant"), appeals from a denial of supplemental security income benefits by the Acting Commissioner of Social Security ("the Commissioner"), based on the Commissioner's finding that S.N. was not disabled.

Plaintiff protectively filed an application for supplemental security income on February 23, 2016 on S.N.'s behalf, alleging disability as of January 1, 2015. That claim was initially denied. A hearing was held before administrative law judge "ALJ" Connor O'Brien, who issued a decision on February 4, 2019, concluding that S.N. was not disabled. (Dkt. #6 at 656-61). On March 23, 2020, that decision was reversed and remanded for further proceedings, by Stipulation and Order mutually agreed-upon by the parties, and so ordered by this Court. (Dkt. #6 at 699-700).

On March 15, 2021, the ALJ held a second hearing by telephone, at which plaintiff and an impartial medical expert, Dr. Amy Budoff, testified. On March 31, 2021, the ALJ issued a new decision, again concluding that S.N. was not disabled. (Dkt. #6 at 545-55). Plaintiff now appeals.

Plaintiff has moved for remand of the matter for the calculation and payment of benefits, or in the alternative, for further proceedings (Dkt. #8), and the Commissioner has cross moved (Dkt. #10) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, I find that the Commissioner's decision is supported by substantial evidence, and was not the product of legal error.

## DISCUSSION

### I.  Relevant Standards

Because the claimant is a child, a particularized, three-step sequential analysis is used to determine whether she is disabled. First, the ALJ must determine whether the claimant is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If the claimant has one or more severe impairments, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924), the claimant is disabled. If not, she is not disabled. In making this assessment, the ALJ must measure the child's limitations in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in *one or more*. 20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that S.N. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

## II.  The ALJ's Decision

Plaintiff seeks disability benefits for a closed period from January 1, 2015 through March 16, 2018, after which the parties concede S.N. experienced improvement. The ALJ initially found that since the February, 23, 2016 application date, S.N. (four years old at the time of the application) has had the severe impairment of speech delay. (Dkt. #6 at 546). The ALJ proceeded to analyze whether S.N. has any "marked" or "extreme" limitations in any of the six domains of functioning.

Based on the medical, educational, and testimonial evidence presented, the ALJ concluded that S.N. had a less than marked limitation in acquiring and using information, no limitation in attending and completing tasks, a marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, a less than marked limitation in caring for herself, and no limitations in health and physical well-being. The ALJ accordingly concluded that S.N. was "not disabled." (Dkt. #6 at 552-54).

## III.  The ALJ's Evaluation of the Domain of Acquiring and Using Information

Plaintiff argues that the ALJ failed to properly assess S.N.'s limitations in the functional domain of acquiring and using information, by cherry-picking the evidence of record. Specifically, plaintiff contends the ALJ overlooked evidence that would have supported a finding of "marked" limitations in this area, including a September 2015 preschool evaluation noting moderately delayed pre-academic skills and delayed play skills, S.N.'s 2016 IEP noting that she has difficulty following new directions, and a 2017 assessment showing she needed to improve articulation and

3

communication skills, and indicating that she had some limitations ranked a "3 out of 4" in severity (with 1 meaning "no problem" and 4 meaning an "extreme" impairment) in recalling material, expressing ideas, problem-solving, carrying out instructions, and completing tasks on time. (Dkt. #6 at 334-35).

I find no reversible error in the ALJ's finding that S.N.'s limitations in the domain of acquiring and using information were less than marked. Initially, the evidence cited by plaintiff concerning the initial severity of S.N.'s speech delay does not compel a finding that she was markedly limited in acquiring and using information, particularly in light of S.N.'s normal cognitive assessment scores, and demonstrated ability to meet academic standards in a regular education setting, upon which the ALJ relied. In 2016-2017, S.N. was exhibiting "good" or "outstanding" effort in almost every area, meeting most or all standards, and beginning to "be less shy and to participate [in class] more," despite lengthy periods of absenteeism that her kindergarten teacher noted were preventing her from making additional strides. (Dkt. #6 at 372-73, 379). In 2017-2018, she displayed "good" effort and continued to meet most or all academic standards, with her first grade teacher describing her as a "role model for behavior" and a student who had made "strong academic progress." (Dkt. #6 at 347-48, 373).

An ALJ need not mention every piece of evidence considered, particularly where, as here "the evidence of record permits [the reviewer] to glean the rationale of [the] ALJ's decision." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). I find that the ALJ's findings were well-supported by substantial evidence of record. This included S.N.'s academic records and IEP reports, which showed satisfactory progress in improving speech intelligibility and awareness, as well as academic progress and passing grades. As the ALJ noted, S.N. showed average cognitive ability, and evenly-developed and age-appropriate skills in the areas of verbal, non-verbal and

spatial reasoning. (Dkt. #6 at 552-53). Impartial medical expert Dr. Budoff, whose opinion the ALJ gave great weight, reviewed the record and testified that S.N.'s speech intelligibility levels (as reported by her speech-language pathologist) were age-appropriate for children learning how to speak. (Dkt. #6 at 551). Nor do I find that the ALJ engaged in improper cherry-picking of the evidence in her summaries thereof, which discussed and reconciled the evidence in some detail, including S.N.'s IEPs, the opinion of Dr. Budoff, and the opinions of S.N.'s speech pathologist, teachers, and consulting physicians.

On balance, I find that the ALJ's determination that S.N.'s limitations in the domain of acquiring and using information were "less than marked" in spite of S.N.'s speech delay, was well-supported by substantial evidence of record, and was not the product of legal error.

**IV.    The ALJ's Evaluation of the Domain of Interacting and Relating With Others**

Plaintiff also argues that the ALJ failed to properly assess S.N.'s limitations in the functional domain of interacting and relating with others, by relying on selectively chosen evidence to find that S.N.'s limitations in this area were marked, rather than extreme.

I find no reversible error with respect to the ALJ's assessment of this domain. Plaintiff argues that 2014, 2015, and 2016 assessments and IEPs noting "severe" speech delays and expressive language skills necessarily translate to a finding of extreme limitations in the domain of interacting and relating with others. However, the record does not suggest such a correlation. Although S.N.'s initial assessments suggested difficulty with intelligibility, S.N.'s speech intelligibility improved from 64% (2015) to 78% (2016) and continued to improve thereafter. S.N. was described by teachers as a "sweet girl" and "role model for behavior" who was friendly and respectful, followed classroom rules, and was comfortable engaging in conversations with peers in the small group setting. (Dkt. #6 at 281, 373). Her academic records reflect no difficulty getting

5

along with peers or educators, and no behavioral intervention plans were ever suggested or implemented. Further, no medical assessment or other opinion of record indicated extreme limitations in this, or any other functional domain.

As such, I find that the ALJ's determination that S.N.'s limitations in interacting and relating with others were no more than "marked" was sufficiently supported and not erroneous.

I have considered the rest of plaintiff's claims, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, I find that the ALJ's decision is supported by substantial evidence, and was not the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #8) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #10) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 18, 2023.